1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8   MARILYN HARDT                        )
                                         )
9             Plaintiff,                 )
                                         )     No. CIV 05-494-TUC-CKJ
10  vs.                                  )
                                         )
11  MICHAEL  J.  ASTRUE,                 )        **ORDER**
    Commissioner of the Social           )
12  Security Administration,             )
                                         )
13            Defendant.                 )
    ─────────────────────────────────── )

14

15         On September 17, 2007, Magistrate Judge Hector C. Estrada issued a Report and

16  Recommendation [Doc. # 18] in which he recommended that Plaintiff's Motion for Summary

17  Judgment [Doc. # 12] be granted, Defendant's Cross-Motion for Summary Judgment [Doc.

18  # 15] be denied, and this matter be remanded for an award of benefits.  On October 5, 2007,

    Defendant filed Objections to Report and Recommendation.

19

20

21  *Magistrate Judge's Recitation of the Record on Appeal*

22         Defendant asserts that the magistrate judge erred in presenting the subjective

23  statements of Plaintiff Marilyn Hardt ("Hardt") as fact.  Defendant, however, does not

24  dispute that the information recited was evidence included in the record.  The Court adopts

25  the recitation of the record on appeal as stated by the magistrate judge.  However, the Court

26  accepts the facts as stated by Hardt as subjective statements, subject to a credibility

27  determination.

28

1    In addition to the facts as set forth by the magistrate judge, the Court finds mention
2 of the following additional facts to be appropriate.

3    Hardt was treated by Milton J. Klein, D.O., from May 2000 through September 2002.
4 Although Dr. Klein stated on December 15, 2003, that Hardt remained unimproved,  he, at
5 other times, noted that Hardt responded well and had good results.  Dr. Klein repeatedly
6 characterized Hardt as alert, cooperative, and stable.

7    In March 2003, Edward K. Lovejoy, Ph.D., conducted a mental status examination.
8 Dr. Lovejoy told Hardt that she could take a break outside during the course of the interview,
9 but Hardt did not exhibit any signs of distress.  Hardt informed Dr. Lovejoy that she did her
10 own cooking, laundry, and bill paying and that she spent her time, reading, seeking medical
11 services, walking, and meeting people in the community.  Dr. Lovejoy noted that Hardt was
12 alert, responsive, and talkative.  Her speech was normal, eye contact strong, and her thought
13 processes were logical and coherent.

14    On March 17, 2003, Paul Tangeman, Ph.D., a state agency doctor, reviewed the record
15 and completed a psychiatric review technique form.  The doctor concluded that Hardt's
16 depressive symptoms did not constitute a severe impairment.  Dr. Tangeman noted that,
17 while Hardt was dramatic and obsessive, she maintained adequate social skills and there was
18 not a history of or records to support a psychosomatic disorder.

19    On December 31, 2003, B. Robert Crago, Ph.D., completed a disability evaluation
20 concerning Hardt.  Although Dr. Crago opined that Hardt was disabled and would most
21 likely remain so in the foreseeable future, he did determine that Hardt's cognitive defects
22 were not totally disabling.

23    Dr. Crago completed a Mental Residual Functional Capacity Assessment.  He opined
24 that Hardt was not significantly limited in 15 categories of functioning including sustaining
25 an ordinary routine without special supervision, work in coordination with others, and
26 making simple work-related decisions.

27

28

1  *Standard of Review*

2        The findings of the Commissioner are meant to be conclusive, 42 U.S.C. §§ 405(g),

3  1383(c)(3), and a decision to overturn a denial of benefits is appropriate only if the denial "is

4  not supported by substantial evidence or [if the denial] is based on legal error." *Matney v.*

5  *Sullivan*, 981 F2d 1016, 1019 (9th Cir. 1992), *citations omitted*; *Massachi v. Astrue*, 486 F.3d

6  1149 (9th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind

7  might accept as adequate to support a conclusion." *Parra v. Astrue*, 481 F.3d 742, 746 (9th

8  Cir. 2007).  The standard is less than a "preponderance of the evidence" standard.  *Matney*,

9  981 F.2d at 1019.  Further, a denial of benefits is to be set aside if the Commissioner has

10  failed to apply the proper legal standards in weighing the evidence even though the findings

11  may be supported by substantial evidence.  *Frost v. Barnhart*, 314 F.3d 359, 367 (9th Cir.

12  2002).  Indeed, this Court must consider both evidence that supports, and evidence that

13  detracts from, the conclusion of the Administrative Law Judge ("ALJ").  *Frost*, 314 F.3d at

14  366-67.

15

16  *Credibility of Hardt*

17        Defendant asserts that the magistrate judge improperly reassessed the evidence in

18  rejecting the ALJ's reasons for finding Hardt not fully credible.  Defendant, referring to his

19  Brief in Support of Defendant's Cross-Motion for Summary Judgment and in Opposition to

20  Plaintiff's Motion for Summary Judgment ("Defendant's Brief"), sets forth that the ALJ

21  noted that Hardt alleged symptoms out of proportion to the objective findings, 20 C.F.R. §

22  404.1529(b) (medical evidence must reasonably support subjective claims); *Rollins v.*

23  *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (addressing objective evidence in context of

24  credibility analysis), noted the Hardt's objective findings were consistently referred to as

25  mild or minimal, and noted that Hardt showed evidence of somatization, i.e., doctors reported

26  the Hardt's symptoms were out of proportion to the evidence.  The ALJ also noted that,

27  although Hardt alleged disability based on confusion, fatigue and pain, Hardt was able to

28

read, visit, shop, do laundry and cook – the ALJ noted that the physical and mental demands of maintaining a household and Hardt's social interaction were consistent with a significant degree of overall functioning. *See* 20 C.F.R. § 404.1529(c)(3)(i) (daily activities considered in credibility analysis); *Rollins*, 261 F.3d at 586 ("maintaining a household and raising two young children, with no significant assistance from her ex husband" inconsistent with disability); *Morgan v. Commissioner*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ properly concluded subjective complaints were exaggerated where claimant fixed meals, did laundry, worked in yard and occasionally cared for a friend's child). However, the Court notes that Dr. Rothbaum, a state agency examining physician, diagnosed a fibromyalgia-like syndrome with entities of depression, fatigue, and cognitive impairment. The ALJ also stated that Hardt's ability to take a 12 day trip to Germany was inconsistent with her claim of disability. The ALJ also noted that Hardt showed no evidence of weight loss, diffuse atrophy or muscle wasting, which are common side effects of disabling pain. *Macri*, 93 F.3d at 540; *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (claimant who did not show muscle atrophy or other physical signs of a totally disabled person not fully credible).

Hardt has produced objective medical evidence of an underlying impairment that could reasonably give rise to her symptoms. Moreover, there has not been an affirmative finding of malingering by the ALJ. The ALJ's reasons for rejecting Hardt's testimony, therefore, must be clear and convincing. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ found that Hardt's stated symptoms of confusion, fatigue and pain were not consistent with Hardt ability to read, visit, shop, do laundry and cook. The ALJ has set forth specific symptom testimony and what facts he relied upon to determine it was not credible. "With respect to daily activities, [the Ninth Circuit] has held that if a claimant 'is able to spend a *substantial part* of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be

1   sufficient to discredit a claimant's allegations.'" *Vertigan v. Halter*, 260 F.3d 1044, 1049

2   (9th Cir. 2001). In *Vertigan*, the court noted that Vertigan's physical activities (grocery

3   shopping, hour-long walks, getting together with friends, swimming, watching television,

4   reading, taking physical therapy, and exercising at home), did not consume a substantial part

5   of Vertigan's day. *Id.* at 1049-50. Similarly, in this case, Hardt's activities did not consume

6   a substantial part of Hardt's day. *See also Benecke v. Barnhart*, 379 F.3d 587 (9th Cir.

7   2004). The Court considers that Hardt's activities did not consume a substantial part of her

8   day in determining whether the ALJ has set forth clear and convincing reasons for finding

9   that Hardt was not credible.

10       The ALJ also noted that Hardt's ability to take a 12 day trip to Germany was

11   inconsistent with her claim of disability. However, the Ninth Circuit has found that periodic

12   restricted travel does not gainsay a claim of disability. *Howard v. Heckler*, 782 F.2d 1484,

13   1488 (9th Cir. 1986). Moreover, Hardt asserts, and the documentation of Dr. Klein supports,

14   that Hardt received medical treatment while she was in Germany. Again, the Court considers

15   the entire circumstances, as set forth in the record, in determining whether the ALJ has set

16   forth clear and convincing reasons for finding Hardt was not credible.

17       The ALJ also noted that Hardt showed no evidence of weight loss, diffuse atrophy,

18   or muscle wasting, which are common side effects of disabling pain. The magistrate judge

19   concluded, based on the stated weight contained in the medical reports, that Hardt had lost

20   14 to 17 pounds between 2000 and 2004. Additionally, Defendant noted Hardt reported a

21   weight loss of 4½ pounds between April 2004 and July 2004. The record does show a

22   weight loss and the ALJ does not set forth any basis for concluding why either a 4½ or 17

23   pound weight loss should not be considered. Furthermore, while diffuse muscle wasting is

24   a *common* side effect of disabling pain, there is no medical evidence in the record that muscle

25   wasting (or weight loss) necessarily accompanies disabling pain. The record established (and

26   the ALJ found) that Hardt is able to perform some daily activities. Further, she participated

27   in treatments and a home stretching program. There is no basis in the record to disbelieve

28

1   Hardt because she did not show evidence of diffuse atrophy or muscle wasting.  The Court

2   does not find this reason to be a clear and convincing reason to discount Hardt's testimony.

3          The ALJ also cited to Hardt's symptom testimony that she was unable to work

4   because of fatigue, confusion, low back pain radiating to the hands and legs, chest pain,

5   shortness of breath, and dizziness, but determined that it could be inferred that Hardt has

6   maintained a somewhat normal level of daily activity and interaction.  As to Hardt's

7   testimony regarding low back pain, Dr. Cameron assessed scoliosis with upper body, neck

8   spasm, and recurrent hip pain.  Further, when Hardt saw Dr. Pfoff for complaints of pain in

9   her fingers, his exam showed some very minimal degenerative changes.  The remaining

10  symptoms were repeatedly reported to medical professions as documented in their reports.

11  The Court notes that "pain is a highly idiosyncratic phenomenon, varying according to the

12  pain threshold and stamina of the individual victim[.]"  *Howard v. Heckler*, 782 F.2d 1484,

13  1488 (9th Cir. 1986); *see also Rogers v. Commissioner of Social Security*, 486 F.3d 234, 248

14  (6th Cir. 2007) ("given the nature of fibromyalgia, where subjective pain complaints play an

15  important role in the diagnosis and treatment of the condition, providing justification for

16  discounting a claimant's statements is particularly important").  The Court considers the

17  variances of pain in determining whether the ALJ has set forth clear and convincing reasons

18  for finding Hardt was not credible.

19         The ALJ also found that the numerous references in the medical evidence to Hardt's

20  noncompliance with the medical regimen specified by her physicians as a basis for

21  determining that Hardt was not credible – the ALJ found that Hardt's noncompliance did not

22  support the intensity and duration of the pain and subjective complaints as reported by Hardt.

23  However, the ALJ failed to cite to any of the numerous references.  Where a claimant had

24  a good reason for not taking medication, that failure cannot be relied upon as a basis for

25  determining that the claimant is not credible.  *See Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir.

26  1989).  Hardt has explained why she did not take certain medications (e.g., she only took the

27  flurbiprofen at night because it made her sleepy,  she stopped taking sholestyramine because

28

- 6 -

1   of swelling in her ankles).  The ALJ has not supported his decision by reference to any

2   medication regimen not followed by Hardt without a reason.  The Court finds this does not

3   present a clear and convincing reason to find Hardt's testimony to not be credible.

4          Furthermore, Defendant asserts that the magistrate judge inappropriately acted as a

5   fact finder in rejecting the ALJ's conclusions.  However, the reviewing court is to determine

6   whether or not the ALJ has set forth clear and convincing reasons for rejecting a claimant's

7   testimony.  The magistrate judge's review of whether the ALJ's reasons set forth a clear and

8   convincing basis for rejecting Hardt's testimony, therefore, is appropriate.  However, the

9   Court disagrees with the magistrate judge's determination that the ALJ did not provide

10  legally sufficient reasons for rejecting Hardt's credibility.  The ALJ set forth his reasons and,

11  while each reason alone may not provide a clear and convincing reason to discount Hardt's

12  testimony, the cumulative reasons are reasonable and supported by substantial evidence.

13  *Rogers*, 486 F.3d 249.

14

15  *Treating Physicians' Opinions*

16         Defendant asserts that the ALJ correctly rejected the opinions of disability proffered

17  by Hardt's treating doctors.  In evaluating evidence to determine whether a claimant is

18  disabled, the opinions of treating physicians are entitled to great weight.  *Curry v. Sullivan*,

19  925 F.2d 1127, 1129 (9th Cir. 1989).  Where a treating physician's opinion contradicts the

20  opinion of an examining or consulting physician, there must be "'specific and legitimate

21  reasons' supported by substantial evidence in the record" to reject a treating physician's

22  opinion.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996), *quoting Murray v. Heckler*, 722

23  F.2d 499, 502 (9th Cir. 1983).  Where the treating physician's opinion is not contradicted,

24  the opinion may be rejected as long as clear and convincing reasons are given.  *Montijo v.*

25  *Secretary of HHS*, 729 F.2d 599, 601 (9th Cir. 1984).

26         Dr. Klein determined that Hardt was unable to continue working as a speech

27  pathologist.  The ALJ did not set for any reasons, let alone specific and legitimate reasons

28

1   supported by substantial evidence in the record, to discount Dr. Klein's opinion.  The Court

2   finds the ALJ, having failed to provide specific reasons for rejecting Dr. Klein's opinion,

3   improperly rejected Dr. Klein's opinion.  Dr. Klein's opinion, therefore, is credited as a

4   matter of law.  *Lester*, 81 F.3d at 834.

5          Dr. Kerry opined that Hardt, after her move to Arizona, continued to be disabled for

6   her occupation and that it would appear to be impossible for her to work in the area due to

7   the prevalent mold environment.  The ALJ stated that Dr. Kerry did not provide rationale for

8   his opinion.  However, Dr. Kerry's records documented Hardt's claims of allergic rhinitis,

9   sinusitis, physical reaction to allergy injections, and complaints of physical discomfort that

10  he attributed to Hardt's allergies including mold sensitivity.  Further, Dr. Kerry's records

11  document testing and treatment of Hardt (e.g., IgE Rast, dilution of dust mold serum).

12  Moreover, the ALJ's finding that Hardt must work in an environment that is free of fumes,

13  chemicals, mold, dust, humidity and other airborne irritants is inconsistent with his rejection

14  of Dr. Kerry's rationale for his opinions.  The Court finds the ALJ failed to provide specific

15  and *legitimate* reasons for rejecting Dr. Kerry's opinion.  Dr. Kerry's opinion, therefore, is

16  credited as a matter of law.

17         Dr. Gray identified work restrictions which would render Hardt disabled under the

18  Act.  The ALJ did not reject Dr. Gray's opinion, but did not give Dr. Gray's opinion

19  significant weight because it was based on diagnoses which were not generally accepted in

20  the medical community.  Determination of the weight to afford Dr. Gray's opinion requires

21  consideration of (1) the frequency of examination and the length, nature, and extent of the

22  treatment relationship; (2) the evidence in support of Dr. Gray's opinion; (3) the consistency

23  of the opinion and the record as a whole; (4) whether Dr. Gray is a specialist, and; (5) other

24  factors that would support or contradict Dr. Gray's opinion.  20 C.F.R. § 404.1527(d)(2)-(6).

25         As stated by the magistrate judge:

26         Dr. Gray began treating [Hardt] after her arrival in Arizona in July 2003 and saw her
           on a regular basis through the date of the ALJ's decision.  [Citations omitted.]  In
27         detailed treatment notes, he documented [Hardt's] test results, the findings of his

28                                              - 8 -

1
2
3

> physical examinations, [Hardt's] reports about her symptoms, his observations of same, and [Hardt's] responses to various medication, supplements and treatments. He prescribed an array of medications, made recommendations concerning air filters, and administered trigger point injections.

R & R, p. 51.  Furthermore, examining physician Dr. Rothbaum had asserted that treating

4

physician Dr. Gray's diagnosis of mycotoxicosis was not a generally accepted medical

5

diagnosis.  Yet, Dr. Gray determined that Hardt's impairments included mold and chemical

6

sensitivity as supported by laboratory testing and physical examination.  This opinion was

7

consistent with Dr. Kerry's opinion that Hardt was unable to work due to mold and chemical

8

sensitivities.  Although not referring to mycotoxicosis, the ALJ also accepted the mold and

9

chemical sensitivities of Hardt because the ALJ determined Hardt must work in an

10

environment that is free of fumes, chemicals, mold, dust, humidity and other airborne

11

irritants   Moreover, Dr. Gray had also diagnosed a fibromyalgia-like syndrome – Dr.

12

Rothbaum also diagnosed a fibromyalgia-like syndrome.  The ALJ, therefore, was not

13

specific in this reason (not generally accepted in medical community) for not giving Dr.

14

Gray's opinion (functional limitations which Dr. Gray asserted rendered Hardt disabled

15

under the Act.) significant weight.[1]  Additionally, Dr. Gray's opinion of a fibromyalgia-like

16

syndrome is consistent with Dr. Rothbaum's finding of "[f]ibromyalgia-like syndrome (with

17

entities of depression, fatigue, and cognitive impairment)[.]"  A.R. 351.  Similarly, Dr.

18

Gray's opinion of mold and chemical sensitivity is consistent with Dr. Rothbaum's finding

19

that Hardt's exposure to dust, humidity, wetness, fumes, odors, chemicals, and gases should

20

be limited.   This opinion is also consistent with non-examining physicians Frank A.

21

Shallenberger, Jr., M.D., and the July 9, 2003 consultant (name illegible) who completed a

22

Residual Functional Capacity Assessment.

23

   The ALJ also stated that Dr. Gray's opinion was not entitled to significant weight

24

because it appeared to rely a great deal on Hardt's less than credible subjective complaints

25

26

27

---

[1]Indeed, the ALJ concluded that Hardt suffered from the severe impairment of a fibromyalgia-like syndrome.

28

and because Dr. Gray's opinion was inconsistent with Hardt's actual activity level.  These "other factors" that may contradict Dr. Gray's opinion are appropriately considered in determining the weight that should be given to Dr. Gray's opinion.  20 C.F.R. § 404.1527(d)(6).  However, a "patient's report of complaints or history[] is an essential diagnostic tool."  *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2nd Cir. 2003); *see also Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (disagreeing with ALJ's rejection of physician's opinion for relying on subjective complaints because chronic fatigue syndrome is primarily evaluated on the basis of plaintiff's subjective complaints).

The ALJ's decision indicates that he only considered these "other factors," and not all of the factors set forth in 20 C.F.R. § 404.1527(d)(2)-(6).  When all factors are considered, the Court finds that the ALJ has not set forth specific and *legitimate* reasons supported by *substantial evidence* to reject Dr. Gray's opinion.  Dr. Gray's opinion, therefore, is credited as a matter of law.

*Lay Testimony*

Defendant asserts that the magistrate judge incorrectly considered the statements of lay witnesses because Hardt did not present that argument on appeal.  Judicial review is appropriate "only [on] issues which are argued specifically and distinctly in a party's opening brief."  *Independent Towers of Washington, Inc. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), *quoting Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  "Because the testimony of the lay witnesses encompassed only symptoms, any failure of the ALJ to adequately address that testimony does not affect the outcome of this case."  *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 n. 6 (9th Cir. 2005).  The Court declines to find that the ALJ's failure to address the statements of the lay witnesses requires reversal because Hardt has failed to present this issue on appeal.

- 10 -

1  *Remand for Benefits or Remand for Further Development*

2        Hardt has requested this Court to determine that she is disabled on the existing record

3  and remand for an award of benefits.  Defendant asserts, however, that this Court should

4  remand for further vocational development.  A reviewing court should "credit improperly

5  rejected evidence" and remand the matter for an award of benefits when:

6        (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence,
        (2) there are no outstanding issues that must be resolved before a determination of
7        disability can be made, and (3) it is clear from the record that the ALJ would be
        required to find the claimant disabled were such evidence credited.

8  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003).  In this case, the ALJ failed to

9  provide legally sufficient reasons for rejecting the opinions of Drs. Klein, Kerry, and Gray.

10 The Court has found it appropriate to credit their opinions as a matter of law.  Dr. Klein's

11 opinion that Hardt is unable to continue working as a speech pathologist, Dr. Kerry's opinion

12 that Hardt continues to be disabled for her occupation (and the impossibility to work due to

13 prevalent mold environment), and Dr. Gray's opinion regarding work restrictions which

14 would render Hardt disabled under the Act establishes that there are no outstanding issues

15 that must be resolved before a determination can be made and it is clear from the record that

16 the ALJ would be required to find Hardt disabled were such evidence credited.

17        Accordingly, after an independent review, IT IS ORDERED:

18     1.     The Report and Recommendation [Doc. # 18] is ADOPTED in part;

19     2.     Plaintiff's Motion for Summary Judgment [Doc. # 12] is GRANTED;

20     3.     Defendant's Cross-Motion for Summary Judgment [Doc. # 15] is DENIED;

21     4.     The decision of the ALJ is REVERSED;

22     5.     This matter is REMANDED for an award of benefits, and;

23     6.     The Clerk of the Court shall enter judgment in this case and shall then close

24 its file in this matter.

25        DATED this 6th day of February, 2008.

26

27  _____
                        Cindy K. Jorgenson
28                      United States District Judge